BARRETT, Circuit Judge,
dissenting:
It is my view that the creditors in these cases were not “on notice” of § 522(f)(2) until its effective date.
Webber v. Credithrift of America, Inc., 674 F.2d 796 (9th Cir.1982), cert. denied, - U.S. -, 103 S.Ct. 567, 74 L.Ed.2d 931 (1982) is, to be sure, contrary to my views. The court there held that § 522(f)(2) does apply to “gap liens”, that the Congress did intend for the section to apply retroactively, and that such application is not a denial of due process. The court could not and did not point out specific language in support of the congressional intent because there isn’t any. However, the opinion does recognize that while a majority of the bankruptcy courts have held that § 522(f)(2) does apply to the “gap liens”, a respectable minority have held otherwise.
My research does not disclose clear authority. It is my belief, however, that it is a deprivation of due process of law to impute “notice” from the date of enactment, thus allowing property rights which vested prior to the effective date of the act to be destroyed. The Congress was certainly aware of the problem, and had it intended the section to apply retroactively it would have and should have explicitly so provided.
In United States v. Estate of Donnelly, 397 U.S. 286, 294, 90 S.Ct. 1033, 1038, 25 L.Ed.2d 312 (1974) the Supreme Court said that “[a]cts of Congress are generally to be applied uniformly throughout the country from the date of their effectiveness onward." (Emphasis supplied). In NLRB v. St. Luke’s Hospital Center, 551 F.2d 476, 483 (2d Cir.1976), the court stated: “[w]e would surely agree that transgressions occurring prior to the effective date of the legislative amendments . .. should not be made the basis of an unfair labor practice charge where Congress is silent on retroactive application." (Emphasis supplied). Finally, I agree with this language from South East Chicago Commission v. Department of Housing and Urban Development, 488 F.2d 1119, 1122 (7th Cir.1973):
There are few principles of our law more ancient and none more respected, than the canon which holds that laws are enacted for the future. A legislative pronouncement may not operate on acts which predate its passage. Neither may it serve to divest rights which have come into concrete existence before its date of effect.
(Emphasis supplied).
I would hold the retroactive application of the exemption provision in § 522(f)(2) would be taking of valid property interests of the respective creditors without due process of law.